IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONTICELLO RENARD ABRAMS, | § | |
| #1579346, | § | |
|                    Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-0093-M-BK |
| | § | (consolidated with |
| WILLIAMS STEPHENS, Director | § | 3:13-CV-0094-M-BK) |
| TDCJ-CID, | § | |
|                    Respondent. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a Texas state prisoner, filed *pro se* petitions for a writ of habeas corpus under 28 U.S.C. § 2254, which the Court consolidated.  (Doc. 3, 6).  Respondent then moved to dismiss on limitations grounds, and Petitioner objected.  (Doc. 14, 16).  For the reasons that follow, it is recommended that the motion to dismiss be granted.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On April 15, 2006, Petitioner pled guilty to aggravated assault and was placed on five years' deferred adjudication community supervision, also known as deferred adjudication probation.  *State v. Abrams*, No. F06-62646 (194th Judicial District Court, Dallas County, Apr. 19, 2006).  On June 9, 2009, after pleading guilty to a new aggravated robbery offense, the trial court revoked the probation, adjudicated Petitioner guilty, and sentenced him to twenty years' imprisonment in each case, to run concurrently.  *State v. Abrams*, Nos. F06-62646, F08-73007 (194th Judicial District Court, Dallas County, Jun. 9, 2009), *aff'd*, Nos. 05-09-00689-CR and 05-09-00690-CR, 2010 WL 2978410 (Tex. App. - Dallas 2010, pet. dism'd).  The Texas Court of Criminal Appeals (TCCA) subsequently rejected Petitioner's state habeas applications.  *See Ex*

*parte Abrams*, Nos. WR-76,889-02, -03 (Tex. Crim. App. Feb. 15, 2012) (denying state habeas relief) (Doc. 10-5 & 10-8 at 2).[1]  On January 8, 2013, Petitioner filed the consolidated federal petitions at issue, alleging ineffective assistance and failure to admonish at sentencing.  (Doc. 3 at 8-9 in No. 3:13-CV-0093; Doc. 3 at 7 in No. 3:13-CV-0094).  With respect to his aggravated assault conviction, Petitioner also asserts the State presented insufficient evidence to convict him, he was improperly granted probation, and the State violated the Double Jeopardy Clause because the charge was previously dismissed.  (Doc. 3 at 7-8 in No. 3:13-CV-0094).

## II.  ANALYSIS

Date Conviction Became Final and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Sections 2244(d)(1)(B) through (D) are inapplicable here as there appears to be no allegation of a state-created impediment that prevented timely filing of the claims; Petitioner does not appear to base his claims on any new constitutional right and the facts supporting the grounds for relief should have been known prior to the date on which Petitioner's convictions became final.

Following the affirmance of his convictions, Petitioner filed petitions for discretionary review (PDRs), which the TCCA dismissed as untimely.  *Abrams v. State*, PDR Nos. 1410-10,

---

[1] Respondent filed the state court record electronically.  (Doc. 10, 11).

1411-10 (Tex. Crim. App. Nov. 24, 2010).[2] Therefore, Petitioner's convictions became final on Sunday August 29, 2010, the last day on which he could have filed a timely PDR from the July 30, 2010, judgments. *See Dolan v. Dretke*, 168 Fed. Appx. 10, 11 (5th Cir. 2006) (unpublished per curiam) (because PDR is part of direct review process under Texas law, conviction is final upon expiration of extension of time for filing PDR); *Smith v. Thaler*, No. 3:11-CV-1485-D, 2013 WL 1760871 *2 (N.D. Tex. Mar. 6, 2013) (conviction final on the last day on which petitioner could have filed a timely PDR following extension granted by TCCA), *recommendation adopted*, 2013 WL 1760946 (N.D. Tex. Apr. 24, 2013); *Tepp v. Quarterman*, No. 4:06-CV-284-A, 2007 WL 3238654 *2-3 (N.D. Tex. Oct. 31, 2007) (same). Because that date fell on a Sunday, the deadline was extended to Monday August 30, 2010. *See* Fed. R. Civ. P. 6(a).

As of the filing of Petitioner's state applications on March 9, 2011, 191 days of the one-year limitations period had elapsed. (Doc. 10-5 at 16; Doc. 10-8 at 17).[3] The state applications remained pending until their denial on February 15, 2012, during which time the one-year period was tolled. *See* 28 U.S.C. § 2244(d)(2). The one year-period resumed running on February 16, 2012, and expired 174 days later on August 7, 2012. Therefore, the federal petitions, deemed filed on January 2, 2013, are clearly untimely absent equitable tolling.[4]

---

[2] Because the orders dismissing the PDRs are not part of the electronic state court record, the information was confirmed on the TCCA's website.

[3] The state applications are deemed filed on March 9, 2011, the date on which Petitioner signed them and most probably handed them to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. Mar. 5, 2013) (holding prison mailbox rule applies to state habeas application).

[4] In light of Petitioner's pro se status and the "mailbox rule," see Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's

Equitable Tolling

The one-year statutory deadline is not a jurisdictional bar and, thus, is subject to equitable

tolling in appropriate circumstances.  *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560

(2010).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted

case omitted).  "'Courts must consider the individual facts and circumstances of each case in

determining whether equitable tolling is appropriate.'"  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th

Cir. 2010) (quoted case omitted); *see also Palacios v. Stephens*, ___ F.3d ___, 2013 WL

3762674 (5th Cir. July 18, 2013) (noting court must consider the circumstances of each case in

determining whether the petitioner diligently pursued his habeas claims).

This case does not present the type of due diligence and extraordinary circumstances

required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir.

2007) (summarizing cases).  After his convictions became final, Petitioner waited about six and

one-half months before filing his state habeas applications.  His lack of diligence did not end

there.  Even assuming he first learned of the denial of his state habeas applications upon

receiving the November 2, 2012, letter response from the TCCA (Doc. 5 at 2-3, Doc. 10-4 at 3),

the record confirms Petitioner delayed mailing his federal petition until January 2, 2013, *an*

---

internal mailing system), the Court deems the federal petition filed on January 2, 2013, when
Petitioner signed the same.  (Doc. 3 at 9).  Even assuming Petitioner's first three claims were
related to the April 19, 2006, order placing him on deferred adjudication probation, the federal
petition would still be untimely. The deferred-adjudication judgment became final on May 19,
2006, 30 days after the filing of the order placing him on probation and the one-year period
elapsed one-year later on December 12, 2005.  Because Petitioner did not file his state
application until March 2011– more than five and one-half years after the one-year period
expired – he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

*additional two months*.  Cf. *Williams v. Thaler*, 400 Fed. Appx. 886, 887 (5th Cir. 2010)

(granting equitable tolling because petitioner did not receive white-card denial and he diligently

submitted his federal petition *within one month* of first learning of the denial of his state

application).

Petitioner's pleadings do not explain the reason for the additional two-month delay.

(Doc. 5 at 1-3; Doc. 16 at 3-4).  Unexplained delays do not evince due diligence or rare and

extraordinary circumstances.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

"[E]quity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710,

715 (5th Cir. 1999).  Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the

law suffices as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.

2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of

those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999) (*per

curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation

during the applicable filing period merits equitable tolling.  It is irrelevant whether the

unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing

that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th

Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be

**GRANTED** (Doc. 14), and that the consolidated petitions for writ of habeas corpus be

**DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §

2244(d).

SIGNED August 30, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE