IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONTICELLO RENARD ABRAMS,** § | | |
| **#1579346** § | | |
|  Petitioner, § | | |
| § | | |
| v. § | 3:13-CV-0093-M-BK | |
| § | (consolidated with | |
| **WILLIAMS STEPHENS, Director** § | 3:13-CV-0094-M-BK) | |
| **TDCJ-CID,** § | | |
|  Respondent. § | | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Petitioner filed objections on September 17, 2013, and the District Court has made a *de novo* review of those portions of the proposed Findings and Recommendation to which objection was made.

The Magistrate Judge concluded that, even assuming Petitioner first learned of the denial of his state habeas applications upon receiving the November 2, 2012, letter response from the Texas Court of Criminal Appeals (Doc. 5 at 2-3, Doc. 10-4 at 3), the record confirmed he delayed mailing his federal petition until January 2, 2013, *an additional two months*. The Magistrate Judge further noted that Petitioner had failed to provide any reason for the additional two-month delay and, thus, could not carry his burden of establishing equitable tolling.

In his objection, Petitioner fails to provide any details about the additional two-month delay, apart from alluding generally to "Institutional 'lockdowns' that prevent all inmate

movement for a period of 30 entire days." (Doc. 18 at 1). Petitioner reiterates that he did not learn of the denial of his state habeas application until November 2, 2012, and claims that "but for the TCCP's error in notifying Petitioner of the status of his Mandamus Writ, Petitioner would have diligently filed his action within the one-year statutory deadline." *Id.* at 3. That is insufficient to trigger equitable tolling.

Accordingly, Petitioner's objection is overruled and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Respondent's motion to dismiss is **GRANTED** (Doc. 14), and that the consolidated petitions for writ of habeas corpus are **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C.§ 2244(d). Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or

If petitioner files a notice of appeal,

( )  petitioner may proceed *in forma pauperis* on appeal.

(**X**)  petitioner must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 3rd day of October, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.